Dear Mr. Washington:
You advise that you are currently employed by the Iberville Parks Recreation District and that you hold the elective office of alderman for the Town of Maringouin. The Dual-Officeholding and Employment Laws R.S. 42:61, et seq., prohibit one from holding local elective office and employment in the same political subdivision, see R.S. 42:63(D)[1]. Since you hold local elective office with a municipality and employment with the recreation district, which are separate political subdivisions as defined by R.S. 42:62(9)[2], the prohibition is inapplicable.
You state that you intend to run for the elective office of councilman for the Iberville Parish Council. This makes the concurrent holding of either office mentioned above problematic. First, R.S. 42:63(C)[3]
specifically prohibits one from holding two elective offices at the same time. This prohibition would preclude the possibility of you holding both the positions of town alderman and parish councilman at the same time.
Second, as stated previously, a recreation district is a political subdivision of the state. See R.S. 33:4566[4]; see also Attorney General Opinion 94-133(B), copy attached. Your employment with the recreation district is in a separate political subdivision from the political subdivision in which you hold the elective office of alderman, and for that reason, is not prohibited by law. The same reasoning would ostensibly hold true if the only positions under consideration were your employment with the recreation district and the elective parish office, again, positions held in separate political subdivisions.
However, we are concerned about the applicability of R.S. 42:64
relevant to incompatible offices, which pertinently provides:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
*********
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
If the Iberville Council retains budgetary control over the recreation district, then the incompatibility provisions would apply, prohibiting you from holding the office of councilman and continuing in your employment with the district. See, for example, the circumstances surrounding the Iberia Parish Council and the Iberia Parish Recreational District as recounted in Attorney General Opinion 89-393, copy attached.
Iberville Parish is governed by the provisions of a home rule charter, which should be reviewed for provisions applicable to this matter. Further, the parish ordinance creating the recreational district should be reviewed to determine to what extent, if any, the council has retained fiscal supervision over the district.
To conclude, you must choose which elective office you want to keep, because the law prohibits you from holding both simultaneously. A definitive conclusion regarding your ability to hold both your employment with the recreation district and the elective position of councilman may only be made after review of the home rule charter and pertinent ordinances. Suffice it to say that if the council retains any budgetary control over the finances of the recreational district, the incompatibility provisions would prohibit your holding both positions concurrently.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: April 8, 2003
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
[1] R.S. 42:63(D) states:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
[2] R.S. 42:62(9) states:
(9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part., mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
[3] R.S. 42:63(C)states:
C. No person holding an elected office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
[4] R.S. 4566 provides in pertinent part:
The recreation districts created under the provisions of R.S. 33:4562
are declared to be political subdivisions of the state.
OPINION NUMBER 89-393
July 24 1989
90 Police Duties
90 AA Recreation
Article VI § 15 LA. Constitution
R.S. 39:1301. et seq.
Iberia Parish Council has reserved unto itself the right to review and approve the budget of the Iberia Parish Recreation and Playground Board.
Mr. J. Wayne Landry Assistant District Attorney
Martha S. Hess, Assistant Attorney General
Mr. J. Wayne Landry Assistant District Attorney Sixteenth Judicial District Courthouse Bldg., Suite 200 300 Iberia Street New Iberia, LA 70560-4583